JAMES ELKIN *v.* SKAGGS et al.

**Bill of Exceptions — Time to File.**

A bill of exceptions cannot be filed in vacation.

**Same — Extension of time.**

Extention of time to file a bill of exceptions must be until a day in the next term of court.

APPEAL FROM GREEN CIRCUIT COURT.

October, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

On the 19th of May, 1864, a verdict and judgment were rendered against appellant in the court below; on the same day he filed grounds and moved for a new trial; his motion was overruled, and he excepted to the opinion of the court, whereupon, the following order was made: "There not being time to make out a bill of exceptions, thirty days *is*" given him (defendant) to make out, and file in the clerk's office of this court a bill of exceptions which is to have the same effect as if now filed, and the defendant prays and appeals from the aforesaid judgment to the Court of Appeals which is granted him."

On the 23d of November, of the same year, the special judge who presided in the trial appeared in the Green Circuit Court, and took his seat to hear the motion of appellant, who then offered to file his bill of exceptions which, as the order states, had been signed and filed in the office of the clerk of said court in vacation; the motion was refused, appellant excepted, took a bill of exceptions, and the case is now here upon the appeal from the first judgment rendered, as we must assume from appellant's brief.

And the first question is whether we can revise a judgment in an action ordinary, with a bill of exceptions made up and signed as this was or, in other words, is there any bill of exceptions in the case? Section 364, Civil Code, provides that "the party objecting to the decision, must except at the time the decision is made, and time may be given to reduce the exception to writing; but not beyond the succeeding term."

It does not appear that the bill of exceptions offered in this case was filed in the office of the clerk within the time prescribed

by the order of the court, *supra,* which, as has been repeatedly held, is a fatal objection; but even if it did so appear we apprehend it would not have been sufficient according to adjudications of this court.

In Freeman *v.* Brenham, etc., 17 B. Mon. 403, when a similar question arose, and the section *supra* was expounded, this court said: "We think the *Code,* in using the language not 'beyond the succeeding term,' merely authorized time to be given for the filing a bill of exceptions *at the succeeding term,* but not to prepare and file it at any time in vacation, provided that time did not reach beyond the succeeding term."

The inconvenience and injury that a different construction of said *section of Code* would impose upon litigants are truly stated, and the opinion in the case of Biggs *v.* McIlvain's Executors, 3 J. J. Marsh. 360, in which it was decided that a bill of exceptions allowed and signed by a judge in vacation, though copied into the record, is no part thereof, and cannot be noticed, is quoted with approbation as authority, the Code having made no change in the law on that subject.

The exposition of the section 364, Civil Code, in Freeman *v.* Brenham, etc., *supra,* has been adhered to in subsequent cases.

This can impose no hardship or injury to the unsuccessful party, for we cannot suppose that a judge would refuse to grant time to some day in the succeeding term to file a bill of exceptions, when there was not time after the motion for a new trial was overruled during that term to prepare and file it, and to suspend a decision of the motion for a new trial until that term, and if he did the party would not be without remedy.

For the reasons herein suggested, we cannot regard the paper presented as a bill of exceptions or as a part of the record, and in the absence of a bill of exceptions containing the evidence and instructions, we must presume that the rulings of the court below were correct.

Wherefore, the judgment is affirmed.